[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND FINAL JUDGMENT ENTRY
On August 1, 2000, Appellant, Denise Heckman, filed a notice of appeal from the trial court's entry overruling her motion to enforce the prosecutor's agreement. On August 23, 2000, Appellee, State of Ohio, filed a motion to dismiss the above captioned appeal for lack of a final appealable order pursuant to R.C. 2505.02. To date, Appellant has not filed a memorandum in response. We conclude that because the entry appealed from is an interlocutory order, this Court lacks jurisdiction to hear Appellant's appeal.
Final appealable orders are statutorily defined in R.C.2505.02(B)(1)-(5), which reads as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grants a new trial;
 (4) An order that grants or denies a provisional remedy and to which both of the following apply:
 (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
 (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.
 (5) An order that determines that an action may or may not be maintained as a class action., Appellee argues that the trial court's decision overruling appellant's motion to enforce the prosecutor's agreement does not meet any of the requirements of a final order as set forth in R.C. 2505.02. Moreover, appellee argues that this Court's decision in State v. Ouellette (Feb. 5, 1999), Miami App. No. 98-CA-25, unreported, applies to the case at bar. In Ouellette, this Court held that a denial of a motion to compel specific performance of a defendant's plea agreement was not a final appealable order pursuant to R.C. 2505.02 because the order did not terminate the case and was interlocutory. Id.
We agree with appellee's assertion that the denial of the motion to enforce the prosecutor's agreement does not satisfy any of the R.C. 2505.02
definitions for a final appealable order. Accordingly, this court lacks jurisdiction to hear the present appeal.
WHEREFORE, upon due consideration of the foregoing, IT IS HEREBY ORDERED that appellee's motion to dismiss Appellant's appeal for lack of a final appealable order pursuant to R.C. 2505.02 is granted. This matter is hereby dismissed.
IT IS SO ORDERED.
 ___________________________________ WILLIAM H. WOLFF, JR., Judge
MIKE FAIN, Judge, FREDERICK N. YOUNG, Judge.